## UNITED STATES DISTRICT COURT
## NORTHERN OHIO

### 2 South Main Street Akron, Ohio 44308

| | |
|---|---|
| Patricia Marie Petroff-Kline,<br>INDIVIDUALLY AND AS<br>ADMINISTRATOR OF THE ESTATE<br>OF Mildred Petroff, DECEASED<br><br>                    Plaintiff<br><br>    vs.<br><br>ARBORS AT FAIRLAWN, et al.<br>575 S. Cleveland-Massillon Road<br>Fairlawn, Ohio  44313<br><br>                    Defendants. | CASE NO.: 5:16 CV 389<br><br>JUDGE:  LIOI<br>MAGISTRATE: BURKE<br><br>**DEFENDANT AKRON GENERAL**<br>**MEDICAL CENTER'S MOTION TO**<br>**DISMISS** |

Defendant, Akron General Medical Center ("AGMC"), by and through counsel, hereby respectfully moves this Court pursuant to Civil Rule 12 (B)(6) to dismiss Plaintiff's Complaint in its entirety.

The basis for this motion is multi-factored: 1) Patricia Marie Petroff-Kline is filing this lawsuit *pro se*, on behalf of an Estate – which constitutes the unauthorized practice of law pursuant to R.C. 4705.01. In accord with this statute and applicable case law, this entire action is a nullity and must be dismissed; 2) The survivorship claims and wrongful death claims are barred by the applicable statute of limitations; and 3) This Court lacks jurisdiction.

Wherefore, as more fully set forth in the Brief in Support attached, Plaintiff has failed to state a claim upon which relief can be granted and the entire action must be dismissed.[1]

Respectfully submitted,

s/David Valent
DAVID A. VALENT (0084061)
Law Department
3050 Science Park Dr.
Beachwood, Ohio 44122
Phone: 216.448.0184
Fax:    216.448.0204
E-Mail: valentd4@ccf.org
Attorney for Defendant,
Akron General Medical Center

---

[1] AGMC further reserves the right to assert any and all additional applicable affirmative defenses, should this case proceed for any reason, including those under Civil Rules 8 and 12, as well as the defenses permitted as a result of Plaintiff's failure to provide an affidavit of merit, as required under Civil Rule 10(D)(2). AGMC opposes any additional time to produce an affidavit of merit. Indeed, this case further fails as a matter of law for being deficient pursuant to the requirements of Civ. R. 10(D)(2).
Further, Plaintiff has filed an affidavit arguing that she does not need to meet the monetary filing fee requirements of this Court due to her financial hardship.  If this Court were to allow this case to proceed on any grounds, AGMC reserves the right to further investigate the merit of said hardship.  Plaintiff's affidavit contains information noting that her income, assets and expenses – each equal zero dollars.  Based on a docket review however (See 5:06-cv-02103-SO; and Summit County CV-2010-09-6532) it would appear that she may have unpaid judgments against her, thus making her "expense" category significant. If this expense information was inaccurately provided in her affidavit, it may also be true that her assets and/or income calculations were also inaccurately provided. AGMC therefore reserves the right to explore and challenge her Application to proceed without payment/fees, if this case is not otherwise dismissed for the other reasons more fully set forth herein.

**BRIEF IN SUPPORT**

I. **INTRODUCTION AND STATEMENT OF CASE**

This case arises out of allegations that all named Defendants "rendered negligent medical treatment to the Decedent, Mildred Petroff." (Complaint at ¶ 3). The Complaint further claims that as a result of the alleged medical negligence, the decedent died on February 18, 2014. (Complaint at ¶ 4). Plaintiff's Complaint seeks recovery under theories of a survivorship claim and wrongful death claim.

All claims are brought *pro se* by Patricia Marie Petroff-Kline, individually and as Administratrix of the Estate of Mildred Petroff.

If any alleged claim were successful, the recovery would go to the Estate of Mildred Petroff, for the benefit of the Estate's beneficiaries. Plaintiff's Complaint specifically alleges damages sustained by the beneficiaries of the Estate and next of kin, including the decedent's husband, daughters, son and others. (Complaint at ¶¶ 4-11, 13, 17, 18).

On these allegations, none of the claims are properly filed, since a *pro se* litigant does not have the authority to file a lawsuit on behalf of an Estate and does not have the authority to represent any person or interest other than that of their own. The improper and unauthorized filing of a Complaint such as this one makes the entire Complaint a nullity. The law simply does not trust or allow an individual, non-lawyer, to represent the legal interests of an Estate in litigation.

Furthermore, all claims are time barred pursuant to the applicable statute of limitations. Neither the one year survivorship statute, nor the two year wrongful death statute were recognized with this claim filed on February 19, 2016 – two years and one day after the decedent's death on February 18, 2014. (See Docket, and Complaint at ¶ 4).

3

Lastly, this Court lacks subject matter jurisdiction. Plaintiff alleges federal question jurisdiction, but the law does not support this position.

## II. LAW AND ARGUMENT

### A. Standard for Dismissal.

Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 564. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Plaintiff's claim here fails on this standard for many reasons.

### B. Plaintiff is Not Permitted to Commence an Action on Behalf of an Estate without a License to Practice Law.

Plaintiff filed this case against AGMC, without an attorney, as the personal representative of the Estate of Mildred Petroff. R.C. 4705.01 states in pertinent part:

4

> <u>No person shall be permitted to practice as an attorney</u> and counselor at law, or to commence, conduct, or defend any action or proceeding <u>in which he is not a party concerned</u>, either by using or subscribing his own name, or the name of another person, unless he has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.  (Emphasis added).

Ohio Courts have consistently interpreted this statute to stand for the proposition that a *pro se* litigant cannot represent the interests of an Estate. To that end, "'[A] personal representative of a decedent's estate stands in the shoes of the decedent to assert claims on behalf of the estate.'" See *Kinasz v. S.W. Gen. Health Ctr.* (8th Dist), 2014-Ohio-402 citing *Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 13, quoting *Hosfelt v. Miller*, 7th Dist. Jefferson No. 97-JE-50, 2000-Ohio-2619. The personal representative represents the interests of the statutory next of kin. *Id.*

Under Ohio law, a non-attorney personal representative of an estate may <u>not</u> litigate claims on behalf of the estate *pro se* because allowing a *pro se* litigant to represent others would constitute the unauthorized practice of law. *See, e.g., id.* at ¶ 15 (administrator of a decedent's estate could not bring a wrongful death claim *pro se* on behalf of next of kin); *Heath v. Teich*, 10th Dist. Franklin No. 06AP-1018, 2007-Ohio-2529, ¶ 11-12 (administrator could not pursue appeal on behalf of estate pro se; requirement that wrongful death action be brought in the name of personal representative of the estate did not "override the limits" on who can practice law under R.C. 4705.01); *Thompson v. THC, Inc.*, S.D.Ohio Case No. C-1-07-231, 2008 U.S. Dist. LEXIS 75632, *4-6 (Sept. 30, 2008) (dismissal of complaint filed by estate's administrator without prejudice was appropriate because even though administrator was a beneficiary, she was not the sole beneficiary and, therefore, could not represent the estate's interests *pro se*).

A complaint filed in violation of R.C. 4705.01 is a nullity and is treated as if it was never filed. *Geiger v. King* (9th Dist.), 2004-Ohio-2137; *Thompson v. THC, Inc., S.D. Ohio No.* C-1-07-231, 2008 WL 4449426 (2008) citing *Sheridan Mobile Village, Inc. v. Larsen*, 4th Dist. (1992), 78 Ohio App. 3d 203. *Thompson* further holds "under both federal and Ohio law, Plaintiff may not represent the interests of the estate *pro se*." Id. at *2.

The *Thompson* Court dismissed the Complaint, as should occur here. To find otherwise condones the unauthorized practice of law. *Id.* When a complaint is a nullity, the Court lacks jurisdiction and any judgment is rendered void ab inito. *State ex rel. Hadley v. Pike* (7th Dist.), 2014 –Ohio- 3310 at ¶ 10.

As such, the law is clear that it is simply not proper, nor permitted, for Ms. Petroff-Kline to represent the legal interests of the Estate of Mildred Petroff – wherein Ms. Petroff-Kline is not a lawyer.

As an aside, although the Complaint and Court's docket make it clear that this case was filed *pro se* by Ms. Petroff-Kline, it appears Plaintiff's Complaint is also co-signed by "Henry J. Ward Jr. Attorney-in Fact and Next Friend." To the undersigned's knowledge, and in accord with the information available on the Ohio Supreme Court's website, this individual is not a licensed attorney in the State of Ohio, nor is this individual a licensed attorney in any state. His signature does not list a bar number – nor does the Complaint even claim that he is licensed to practice law in any state. He is apparently a "friend." His co-signature on this Complaint does not change the above analysis. Both Mr. Ward and Ms. Petroff-Kline are committing the unauthorized practice of law in this Court.

In accordance with the above, Plaintiff cannot be permitted to proceed with the instant action. Pursuant to R.C. 4705.01 and the applicable case law, Plaintiff's Complaint should be dismissed.

### C. The Statute of Limitations for Plaintiff's Survivorship Claim and Wrongful Death Claim Further Fail as a Matter of Law.

Plaintiff's Survivorship claim is barred by the applicable statute of limitations as set forth in R.C. 2305.113. This statute explicitly states: "[A]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." R.C. 2305.113(A).

A cause of action is said to accrue in medical malpractice matters at the time of a "cognizable event." *Allenius v. Thomas* (1989), 42 Ohio St.3d 131. Ms. Petroff's death on February 18, 2014 was a cognizable event. See *Estate of Glenn v. Lake Hosp. Systems, Inc*. (1998) 11th Dist. App. No. 96-L-154. Plaintiff had one year from that date to bring this lawsuit. Plaintiff instead waited more than two years, and filed suit on February 19, 2016 (albeit the suit was not properly commenced even at that time – for the reasons stated in Section II., B. of this Brief). Accordingly, Plaintiff's survivorship claims are barred by the one applicable one year statute of limitations and should further be dismissed, with prejudice.

It should also be noted that while Plaintiff alleges a timely 180 day letter was sent to extend the survivorship statute of limitations – such does not change the above analysis. At most, a 180 day letter extends the statute by six months. This would result in a statute of limitations at most extending one and one half years. Here, the action was filed at two years and one day after the death of the decedent. The 180 day letter has no application to save this case.

As for the wrongful death claim, it too is time barred. R.C. 2125.02(D)(1) provides the statute of limitations for a wrongful death claim in Ohio: "a civil action for wrongful death shall be commenced within two years after the decedent's death." Again, Plaintiff's decedent passed away on February 18, 2014, and this suit was attempted to be commenced on February 19, 2016 – two years and one day after the death. Further, as previously stated, the current action has not yet been properly commenced, since Ohio law provides that such an action filed by a *pro se* litigant on behalf of Estate is null and void.

### D. Lack of Jurisdiction

Plaintiff claims federal question subject matter jurisdiction pursuant to UN Declaration of Indigenous Rights 61/295. Plaintiff specifically claims that "the beneficiaries and next of kin of Mildred Petroff a Macedonian-American woman of birth right have suffered damages.." (Complaint at ¶ 10).

There is no specific allegation that AGMC in any way violated this UN Declaration. Rather, it appears Plaintiff simply mentions this declaration as a basis to permit jurisdiction in Federal Court. Plaintiff's assertion is in essence that because the decedent was a Macedonian-American, any lawsuit filed involving this decedent must involve a federal question. The law does not support that proposition.

This case has nothing to do with the decedent's rights as a Macedonian-American. As alleged, this is a medical negligence case. There simply is no basis for this matter to be in Federal Court.

The referenced UN Declaration provides certain rights to individuals who are living in indigenous communities, such as pre-invasion and pre-colonial societies, who have been the victims of other individuals developing on their territory – such as American Indians – in the

United States, for example. The Declaration precludes discriminatory treatment of these societies based on their cultures and/or indigenous status.

An immigrant from Macedonia to the United States is not the type of person protected under this Declaration, nor is any discrimination alleged in this case arising out of the indigenous rights of the decedent – even if such rights did exist. There simply is no application of this UN Declaration to allow federal question jurisdiction in this case.

### III. **CONCLUSION**

Based on the foregoing reasons, Defendant, Akron General Medical Center, hereby requests this Court grant their Motion to Dismiss on all claims. Plaintiff's Complaint is filed for the benefit of an Estate – by a *pro se* litigant – which is simply not permitted in Ohio. The Complaint is a nullity. Plaintiff's claims are also timed barred and this Court lacks jurisdiction.

Respectfully submitted,

s/David A. Valent
DAVID A. VALENT (0084061)
Law Department
3050 Science Park Dr.
Beachwood, Ohio 44122
Phone: 216.448.0184
Fax:    216.448.0204
E-Mail: valentd4@ccf.org

Attorney for Defendant, Akron General Medical Center

**CERTIFICATE OF SERVICE**

      A true and accurate copy of said Motion to Dismiss has been served by First Class U.S. Mail, postage prepaid, this 3rd day of March, 2016 to the following:

| | |
|---|---|
| Patricia Marie Petroff-Kline<br>200 Granger Rd. Unit 7<br>Medina, Ohio 44256 | *Pro Se Plaintiff* |
| Arbors at Fairlawn<br>575 S. Cleveland-Massillon Road<br>Fairlawn, Ohio  44313 | *Defendant* |
| Arbors at Fairlawn Care, LLC<br>c/o Lexis Document Services, Inc.<br>50 W. Broad Street, Suite 1800<br>Columbus, Ohio  43215 | *Defendant* |
| Dr. William B. Kerek<br>468 E. Market Street<br>Akron, Ohio  44308 | *Defendant* |
| Dr. Christine M. Campana, D.O.<br>1 Akron General Avenue<br>Akron, Ohio  44307 | *Defendant* |
| Fairlawn EMS Fire Dept.<br>Emergency Associates<br>3235 S. Smith Road<br>Fairlawn, Ohio  44333 | *Defendant* |
| Extendicare<br>Tiffany Lauderdale Phillips<br>Fortis Management Group LLC<br>111 W. Michigan Street<br>Milwaukee, Wisconsin  53203-2903 | *Defendant* |

                                                                        s/David Valent
                                                                       DAVID VALENT (0084061)

                                                                       Attorney for Defendant, Akron General Medical Center