UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MARIE PETROFF-KLINE, | ) | CASE NO. 5:16-cv-389 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ARBORS AT FAIRLAWN, *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This wrongful death and medical malpractice action was filed by *pro* se litigant Patricia Marie Petroff-Kline ("plaintiff"), individually and as the Executrix of the Estate of Mildred Petroff, against The Arbors at Fairlawn, Arbors at Fairlawn Care, LLC, Akron General Medical Center, Dr. William B. Kerek, Dr. Christine M. Campana, the Fairlawn Fire Department Emergency Medical Associates and Extendicare. (Doc. No. 1.) The complaint asserts that defendants provided negligent medical care to Mildred Petroff, resulting in her death on February 18, 2014. Plaintiff requests that monetary damages be awarded to the Estate of Mildred Petroff.

**I. Background**

The complaint indicates that Mildred Petroff received medical care from the defendants from June 2013 until she died on February 18, 2014. She is survived by her husband Patrick D. Petroff, daughters Elaine Badalamenti and Patricia Marie Petroff-Kline, and son Dimitre James Petroff. The complaint allegest that Patricia Petroff-Kline was named as the executrix of her mother's estate.

The complaint is hand-signed by *pro se* plaintiff, Patricia M. Petroff-Kline. One "Henry J. Ward Jr. Attorney-in-Fact and Next Friend, Officer of the Court for Plaintiff" also signed the complaint. (Complaint at 7.)[1] But Ward is not an attorney licensed to practice law in the State of Ohio or in federal court. In fact, he has no apparent connection to this case other than his attempt to act as plaintiff's "attorney in fact."

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929  (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

*Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Analysis

A.  **Unauthorized Practice of Law**

As an initial matter, although Ward identifies himself as counsel for Patricia Petroff-Kline, and signs the complaint as the "Attorney-In-Fact, Next Friend and Officer of the Court for Plaintiff," he is not an attorney, and he is not licensed to practice law. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654[1]; *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071, at *1 (6th Cir. May 26, 1988). Ward's signature is ineffective to bring the claims of the estate before the Court. He cannot represent Petroff-Kline or the estate in this action.

A signature purporting to be that of Petroff-Kline appears on the pleading above Ward's signature. It is unclear whether this is actually Petroff-Kline's signature or whether Ward signed

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

the pleading on behalf of Petroff-Kline. Nevertheless, Petroff-Kline cannot represent the Estate of Mildred Petroff as a *pro se* litigant. A plaintiff may not appear *pro se* "where interests other than [her] own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The executrix of an estate may not appear *pro se* when the estate has beneficiaries and creditors other than the litigant. *Id.* (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *accord Bass v. Leatherwood*, 788 F.3d 228 (6th Cir. 2015)). The complaint lists Patrick Petroff, Elaine Badalamenti, and Dimitre Petroff as additional beneficiaries of the estate. If the signature on the pleading is, in fact, that of Patricia Petroff-Kline, she cannot proceed to litigate this action as a *pro se* litigant on behalf of others' interests. She must proceed through an attorney who is licensed to practice in the State of Ohio and this federal court. Ward cannot take the place of an actual attorney.

      **B.**      **Lack of Jurisdiction**

If this were the only defect in the pleading, Petroff-Kline could retain a licensed attorney and proceed with this case. Retention of counsel, however, would be futile because this Court lacks subject matter jurisdiction over the claims asserted in the complaint. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that she is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship does not exist in this case. Petroff-Kline is a citizen of Ohio. The decedent was a citizen of Ohio. All of the defendants appear to be citizens of Ohio. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The complaint, as written, suggests federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-

pleaded allegations of the complaint and ignores potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

The only claim asserted in the complaint as a matter of federal law is a cause of action for negligence in violation of 18 U.S.C. §§ 241 and 242. These are criminal statutes. They do not provide a private cause of action in a civil case. *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)). The remaining claims assert causes of action for wrongful death, malpractice, and negligence, which are all state law tort claims.

This is a state law medical malpractice and negligence action against Ohio resident defendants, purportedly filed either by a non-attorney who is himself a citizen of Ohio, or by a non-attorney executrix of an Ohio estate who is also a citizen of Ohio and is improperly attempting to represent other people's interests besides her own. This federal court lacks subject matter jurisdiction over this case.

## IV. Conclusion

For all the foregoing reasons, plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction.

Plaintiff's Motion for Extension of Time to File an Affidavit of Merit (Doc. No. 3) and Motion and Demand for a Sequestered Trial by Jury (Doc. No. 7) are denied as moot. This ruling also renders moot the two pending Motions to Dismiss (Doc. Nos. 5 and 6) and a pending Motion for Extension of Time (Doc. No. 9).

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith. Furthermore, Henry J. Ward, Jr. is cautioned against engaging in the unauthorized practice of law and is enjoined from filing any additional documents in this case. The Clerk's Office is instructed to return, unfiled, any documents signed or submitted in this case by Ward.

**IT IS SO ORDERED**.

Dated: March 23, 2016

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**