UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MARIE PETROFF-KLINE, | ) | CASE NO. 5:16-cv-389 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **ORDER** |
| ARBORS AT FAIRLAWN, et al., | ) | |
| DEFENDANTS. | ) | |

This wrongful death and medical malpractice action was dismissed on March 23, 2016 for lack of subject matter jurisdiction. (*See* Doc. Nos. 11, 12.) Now before the Court are two motions filed by the *pro se* plaintiff: Doc. No. 13, Motion for Judicial Permission to Amend Complaint ("Motion to Amend"), and Doc. No. 14, Motion for Judicial Permission to Dismiss Without Prejudice ("Motion to Dismiss"). Both motions are sub-styled "Motion to Exercise United States Constitutional Rights Known and Unknown to Plaintiff."

**Doc. No. 13 – Motion to Amend**

The Motion to Amend is a rambling 17-page document containing factual allegations, discussions of "standard of review," and lengthy quotes from various unrelated legal sources, all apparently attempting to show, contrary to the dismissal order, that there *is* subject matter jurisdiction or that, given an opportunity to amend, plaintiff could establish subject matter jurisdiction. Plaintiff ultimately requests, "[p]ursuant to 60b(6)," that she be allowed to amend

her complaint to "preserve her and her current counsel, future counsel's, rights known and unknown to Amend with 'new facts.'" (Motion to Amend at 97.)[1]

Plaintiff appears to be seeking relief from the March 23, 2016 judgment of dismissal, pursuant to Fed. R. Civ. P. 60(b)(6), for "any other reason that justifies relief." However, plaintiff has presented no such reason. This Court has no subject matter jurisdiction over the claims plaintiff is attempting to raise, namely, medical malpractice and wrongful death claims. These are state law claims and there is no demonstrated diversity of citizenship. No amount of amending will change this. Further, the case is already dismissed and beyond the reach of any amendment. Accordingly, the Motion to Amend (Doc. No. 13) is **denied**.

**Doc. No. 14 – Motion to Dismiss**

In this motion, plaintiff moves for dismissal "without prejudice to reinstatement in future preserving rights known and unknown to [p]laintiff et. al." (Motion to Dismiss at 102.) Presumably, this motion is brought under Fed. R. Civ. P. 59(e), to alter or amend the judgment.[2]

This case was dismissed "pursuant to 28 U.S.C. § 1915(e)." Although the Court did not specify a sub-section of the statute in its Judgment Entry, because the case was dismissed for lack of subject matter jurisdiction, the dismissal was under § 1915(e)(2)(B)(ii) – for "fail[ure] to state a claim on which relief may be granted[.]" Where dismissal is premised upon a lack of jurisdiction, it is not an adjudication on the merits of any claim and, therefore, the case *was*

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] A motion under Rule 59 must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Since the dismissal was on March 23, 2016 and the motion was not filed until April 29, 2016, it is untimely – which is reason enough to deny it.

dismissed without prejudice. *See* Fed. R. Civ. P. 41(b). The current Motion to Dismiss without prejudice is, accordingly, moot.

**IT IS SO ORDERED**.

Dated: May 4, 2016

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**